UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MARK CAMPBELL, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>THAYER AEROSPACE, LLC, and )<br>REGISTERED AGENT, LTD., )<br>)<br>Defendants. ) | Case No. 4:06CV1119MLM |

## ORDER

In his Complaint Plaintiff alleges that Defendant fired him in retaliation for reporting that his lead man brought liquor onto the premises in violation of his employer's rules; that Defendant fired him in retaliation for "difficulties" he had with his lead man who "refused to accept Plaintiff's prior twenty-year record with Boeing"; and that he was fired because he is black. Plaintiff further alleges that Defendant's terminating him violates the Missouri Human Rights Act ("MHRA") and Title VII, 42 U.S.C. § 2000e et seq.

On July 26, 2006, Defendant Thayer Aerospace St. Louis, LLC, filed a Motion to Dismiss. Doc. 3. In the Motion to Dismiss Defendant argues that: (1) Plaintiff filed his lawsuit against Defendant and its registered agent, the latter of whom is not a proper party plaintiff; (2) Plaintiff has failed to establish that he exhausted his administrative remedies as the right-to-sue letters attached to Plaintiff's Complaint do not refer to violations of the MHRA by either one of the named defendants; (3) Plaintiff did not present a right-to-sue letter for the administrative complaint filed on June 8, 2005; and (4) Plaintiff failed to plead a prima facie case of retaliation or of discriminatory discharge based on disparate treatment under the MHRA or Title VII. Plaintiff failed to file a timely response to the Motion to Dismiss. By Order dated August 24, 2006, the court ordered Plaintiff to

show cause no later than September 1, 2006 why the matter should not be dismissed for failure to prosecute.

On September 1, 2006, Plaintiff filed a Response to Defendant's Motion to Dismiss in which he generally contends that he has sufficiently plead a case of discrimination based on race.[1]  Doc. 6. Plaintiff has otherwise failed to address Defendant's other arguments in support of its Motion to Dismiss.

A court may dismiss a cause of action for failure to state a claim if it appears beyond a doubt that the plaintiff can prove no set of facts in support of its claim that would entitle it to relief.  Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Alexander v. Peffer, 993 F.2d 1348, 1349 (8th Cir. 1993). "The issue is not whether plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support [its] claim."  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).  See also Bennett v. Berg, 685 F.2d 1053, 1058 (8th Cir. 1982) (a complaint should not be dismissed merely because the court doubts that a plaintiff will be able to prove all of the necessary factual allegations).  The court must review the complaint most favorably to the plaintiff and take all well-pleaded allegations as true to determine whether the plaintiff is entitled to relief. Conley, 355 U.S. at 45-46.  A dismissal under Rule 12(b)(6) should be granted only in the unusual case in which a plaintiff has presented allegations that show on the face of the complaint that there is some insuperable bar to relief. Coleman v. Watt, 40 F.3d 255, 258 (8th Cir. 1994).  A civil rights complaint falls short of meeting "the liberal standard for notice pleading" when it is "entirely conclusory, giving no idea what acts the individual defendants are accused of that could result in liability." Frey v. City of Herculaneum, 44

---

[1] On September 1, 2006 Plaintiff also filed a Response to the Show Cause Order wherein he stated that counsel failed to file a timely response because counsel had surgery in July 2006 and because counsel "is essentially a one man office."  Doc. 7.

F.3d 667, 672 (8th Cir. 1995). "At the very least" a civil rights complaint "must contain facts which state a claim as a matter of law and must not be conclusory." Id. at 671.

First, Plaintiff alleges in his Complaint only that he was employed by Defendant; that his termination was allegedly for carelessness and not following instructions; that he is black; that white employees made mistakes; and that he was fired in retaliation for reporting a violation of the Defendant's rules regarding liquor on the premises, because he is black, and because of his difficulties with his lead man. Discharging an employee in retaliation for reporting that another employee brought liquor onto the employer's premises and discharging an employee because he had "difficulties" with another employee as described in Plaintiff's Complaint, even if true, do not violate either Title VII or the MHRA. As such, the court finds, in regard to these two claims, that Plaintiff can prove no set of facts in support of his claim that would entitle him to relief. See Conley, 355 U.S. at 45-46. Additionally, Plaintiff's Complaint is conclusory and fails to state a prima facie cause of action for retaliation, disparate treatment, and/or discrimination based on race in violation of Title VII and the MHRA. See McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973); Conley, 355 U.S. at 45-46; Cherry v. Ritenour School Dist., 361 F.3d 474, 478 (8th Cir. 2006); Frey, 44 F.3d at 672. Plaintiff had an opportunity to respond fully to the Motion to Dismiss and/or to file an Amended Complaint naming the proper party defendant and alleging a proper cause of action for discrimination pursuant to title VII or the MHRA. He has failed to do so.

Second, a registered agent is not a proper party to this lawsuit.

Third, in regard to Defendant's contention that Plaintiff failed to attach a copy of a right-to-sue letter, Plaintiff attached to his Complaint two charges which he filed with the EEOC, one filed on June 8, 2005 relating to Plaintiff's three day suspension on May 7, 2005, and one filed on July 20, 2005, relating to Plaintiff's indefinite suspension on July 5, 2005. Plaintiff has failed to attach a copy

of a right-to-sue letter in regard to the charge addressing his three day suspension.[2]  Plaintiff, however, does not allege in his Complaint that his three-day suspension was in violation of either Title VII or the MHRA.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss is **GRANTED,** Doc. 3, and that Plaintiff's Complaint is **DISMISSED**.

/s/ Mary Ann L. Medler
MARY ANN L. MEDLER
UNITED STATES MAGISTRATE JUDGE

Dated this 12th day of September, 2006.

---

[2]  Plaintiff's Exhibit 2, which purports to be the right-to-sue letter in regard to the three day suspension has a totally different charge number than the Administrative Complaint.